MR. JUSTICE GROVES
delivered the opinion of the Court.
Union Oil Company of California (here called the plaintiff) commenced a quiet title action in the respondent court against the petitioner and other defendants. A default was entered against the petitioner. The respondent court set aside the default on the condition that the petitioner pay the plaintiffs costs and attorney’s fees incurred in connection with the proceedings to set aside the default in the amount of $6,116.16. The petitioner brought this original proceeding to be relieved from the condition of paying the costs and attorney’s fees. We issued a rule to show cause why the requested relief should not be granted, and now discharge the rule.
*3 The court found that personal service of the summons and complaint was made upon the petitioner in Colorado on September 21, 1977. The petitioner contends throughout that she was not served. She made no appearance and her default was entered on October 21, 1977. She filed a motion to vacate the default on December 2, 1977.
The hearing on the motion to vacate the default was conducted in several installments. At its conclusion, the court made the following statement:
“I am persuaded that service was in fact had and I am persuaded that the Defendant [petitioner] has displayed a lack of good faith and a lack of candor in dealing with the Court.
“Accordingly, I am going to allow the default — lam going to order that her default is set aside upon your representation that she need not be served again and she will promptly plead, and I am going to order that default be set aside upon her payment of costs to the Plaintiff for the expenses that they have incurred in prosecuting this matter and I’ll allow the Plaintiffs to present to the Court evidence as to whatever costs it was that they incurred. Those are the terms that I deem just to allow the default to beset aside.”
Of the sum of $16,116.16, $5,830.00 was for the plaintiffs attorney’s fees and the balance was the plaintiffs costs. While the petitioner disagrees, the court found that the attorney’s fees were reasonable.
C.R.C.P. 55(c) provides that the court may set aside an entry of default for good cause shown. Considering the finding that the petitioner was in fact personally served, the record is devoid of any facts supporting “good cause.” The court did note that, since the plaintiff must try the case as to the other two defendants, there would not be any substantial burden on it if the petitioner were also allowed to defend. This thought of the court, obviously could not be the basis for “good cause.” If we were in the shoes of the respondent court, we would have denied the motion to vacate the default because good cause was not shown. However, no contention of lack of good cause is presented in this original proceeding. The contention of the plaintiff is merely that it is entitled to $6,116.16 as a condition for the assertion of a defense by the petitioner.
We feel that we should not on our own motion make a finding of lack of good cause and that we must confine ourselves to the sole issue presented to us: Is the condition of payment of $6,116.16 proper?
C.R.C.P. 55(c) provides: “For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).” C.R.C.P. 60(b) provides that, “On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reason: (1) Mistake, inadvertence, surprise or excusable neglect. . . .” It is the intent of our Rules of Civil Procedure to *4 permit such terms as may be just in setting aside an entry of default.
We, therefore, have the question of whether the respondent court abused its discretion in determining that payment of the attorneys fees and costs was a just condition. Considering that the court determined that the petitioner’s denial of service was, in effect, a bad faith action on her part, and that this denial of service and the subsquent hearings thereon were directly responsible for the plaintiffs costs and attorney’s fees, we find no abuse of discretion.
At the time the court made the ruling quoted earlier in this opinion, there had been no showing as to the amount of the plaintiffs costs and attorney’s fees incurred in connection with the setting aside of the default. Thereafter such a showing was made with the resultant conclusion that the costs and attorney’s fees to be paid were in the amount of $6,116.16. The court then entered a judgment against the petitioner for this amount. It is apparent that the only effect that should to given to this judgment is that it fixes the amount to be paid by the petitioner as a condition of the assertion of her defenses in the quiet title action in the event that she elects to assert them.
This is not a case involving an award of attorney’s fees in the usual sense. Here the court, under its inherent authority to administer justice fairly, merely has imposed a condition to the granting of the motion to set aside the default.
Rule discharged.
MR. JUSTICE KELLEY and MR. JUSTICE LEE dissent.
MR. JUSTICE HODGES does not participate.